I respectfully dissent. This case is one of two cases released today in which the Court, in my judgment, misapprehends the rules set forth in Atkins v. American MotorsCorp., 335 So.2d 134 (Ala. 1976), and Casrell v. AltecIndustries, Inc., 335 So.2d 128 (Ala. 1976). See General MotorsCorp. v. Saint, 646 So.2d 564 (Ala. 1994). As I stated in my dissent in Saint, Atkins and Casrell established only two
affirmative defenses that relate to the plaintiff's conduct, namely, (1) assumption of the risk, and (2) product misusealias contributory negligence. I dissented in Saint, on the ground that the majority erroneously approved an additional contributory negligence defense, namely, that the plaintiffused the product in a negligent manner.
Because I disagree with the rule established inSaint — that contributory negligence in the use of aproduct bars recovery in an AEMLD claim — then, a fortiori, I disagree with the rule established in this case, that contributory negligence in the causation of an accident bars such a recovery. Consequently, I respectfully dissent.
KENNEDY, J., concurs.